IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EDWARD C. STOWE, JR.                                                          PLAINTIFF

V.                                    NO. 15-5016

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Edward C. Stowe, Jr., brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on July 25, 2012, alleging an inability to work since January 15, 2012, due to right shoulder injury, left wrist bone spurs, high blood pressure, bilateral knee deformities, learning problems, and memory problems. (Tr. 190-203, 245, 249). An administrative hearing was held on May 24, 2013, and a supplemental hearing was held on August 9, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 29-42, 44-71).

By written decision dated September 23, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

Musculoskeletal Disorder (Other and Unspecified Arthropathies, shoulder impingement with pain, and obesity. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant cannot work overhead on the right dominant side.

(Tr. 19). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform his past relevant work as a Production Assembler and Security Guard. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 13, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10-12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.　Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's

decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s)

3

prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.    Discussion:

Although Plaintiff did not argue the issue in his brief, the Court finds this matter should be remanded for the following reasons. In this case, the ALJ found Plaintiff had the RFC to perform light work but "cannot work overhead on the right dominant side." (Tr. 19). In interrogatories presented to the VE, he opined that Plaintiff would be able to perform his past relevant work as a:

Security Guard, 372667034, Light, SVP 3  No overhead reaching

Production Assembler, 706687010, Light, SVP 3, No overhead reaching

(Tr. 310). The VE also checked the box marked "No" in response to the question of whether there were any conflicts between the occupational evidence he had provided for question #8 and the occupational information contained in the DOT and/or the SCO. (Tr. 310). At the supplemental hearing held before the ALJ, no questions were asked of the VE relating to whether his findings were consistent with the DOT. Nor did the ALJ find in his opinion that the VE's testimony was "consistent with the information contained in the Dictionary of Occupational Titles." The only time the ALJ inquired of a possible conflict was in the interrogatories presented to the VE, where the VE checked the box marked "No" in response to the question of whether there were any conflicts. (Tr. 310-311). The VE did not explain how an individual, who could not do overhead reaching with his dominant hand, could

4

perform the jobs of production assembler or security guard, which require frequent reaching. The DOT does not specify whether the job only requires reaching overhead or handling with the dominant or non-dominant hand. When an apparent conflict between the DOT and VE testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014). In this case, the VE's testimony was inconsistent with the DOT, given the physical limitations found by the ALJ. See Young v. Colvin, No. 3:12CV00314 BD, 214 WL 656752 (E.D. Ark. Feb. 20, 2014). The VE may have believed that by putting "no overhead reaching" in his response to the interrogatory, he was explaining the conflict. However, the Court finds this to be an insufficient explanation.

**IV.    Conclusion:**

Based upon the foregoing, the Court finds that the ALJ erred by relying on VE testimony that was inconsistent with the DOT at step 5 of the sequential evaluation process, and the Court therefore reverses the Commissioner's decision and remands this case for a reconsideration of Plaintiff's application, based on all of the available evidence, pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 3rd day of March, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

5